| | |
|---|---|
| 1 | ANN MILLER RAVEL, County Counsel (S.B. #62139) |
|   | MELISSA R. KINIYALOCTS, Deputy County Counsel (S.B. #215814) |
| 2 | KEVIN M. HAMMON, Deputy County Counsel (S.B. #232360) |
|   | OFFICE OF THE COUNTY COUNSEL |
| 3 | 70 West Hedding, East Wing, 9th Floor |
|   | San Jose, California 95110-1770 |
| 4 | Telephone: (408) 299-5900 |
|   | Facsimile: (408) 292-7240 |

Attorneys for Defendant
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELISSA DEATHRIDGE

C08 00660 HRL

Plaintiff,

(Superior Court Case No. 1-07-CV101643)

v.

COUNTY OF SANTA CLARA,
CARL SIMS, R. LIDDLE AND
DOES 1 through 10

Defendants.

**DEFENDANT COUNTY OF SANTA CLARA'S NOTICE OF AND PETITION FOR REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(b) (Federal Question)**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant COUNTY OF SANTA CLARA ("County") hereby removes to U.S. District Court the state court action described below.

1. On or about December 21, 2007, an action was commenced in the Superior Court of the State of California in and for the County of Santa Clara, entitled *Melissa Deathridge v. County of Santa Clara, et. al.*, as case number 1-07-CV101643.

2. The complaint, in the above-referenced action, alleges a cause of action under the United States Constitution.

3. Pursuant to 28 U.S.C. §1446(a), a copy of the complaint that has been filed in this case is attached hereto as Exhibit 1. I am informed and believe that this complaint was served on the County on January 9, 2008.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendant's Notice of and Petition
for Removal of Civil Action                -1-

4. This complaint is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by the County pursuant to the provisions of 28 U.S.C. §1441(b), because Plaintiff's complaint alleges violations of the laws of the United States. The Northern District of California is the appropriate federal court as the district and division embracing the place where the action is now pending. 28 U.S.C. §1441(a).

5. To the extent that Plaintiff's complaint alleges a cause or causes of action other than violations of rights under the laws of the United States, said causes of action may be removed and adjudicated by this Court pursuant to 28 U.S.C. §1441(c).

6. I request removal on behalf of Defendant County of Santa Clara.

WHEREFORE, the undersigned counselor prays that the above action now pending against Defendant County of Santa Clara, in the Superior Court of the State of California in the County of Santa Clara be removed in its entirety to this Court for all further proceedings, pursuant to 28 U.S.C. §1441, et seq.

Dated: January 25, 2008

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: _____
KEVIN M. HAMMON
Deputy County Counsel

Attorneys for Defendant
COUNTY OF SANTA CLARA

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendant's Notice of and Petition
for Removal of Civil Action                -2-

MARIANNE C. ROSSI, ESQ. (SBN: 117377)
LAW OFFICES OF MARIANNE C. ROSSI
702 Marshall St., Suite 500
Redwood City, CA 94063
Telephone Number: (650) 364-7034

ENDORSED

2007 DEC 21 A 11: 04

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA

107CV101643

MELISSA DEATHRIDGE,

    Plaintiff,

vs.

COUNTY OF SANTA CLARA,
CARL SIMS, R. LIDDLE AND
DOES 1 through 10,

    Defendants.

CASE NO.

COMPLAINT FOR DAMAGES
FOR ASSAULT, BATTERY AND
CIVIL RIGHTS VIOLATION

BY FAX

Plaintiff alleges:

1. Defendant, SANTA CLARA COUNTY, is and at all times herein mentioned in this complaint was, a county in the State of California, organized and existing under the law of the State of California, with the capacity to sue and be sued.

2. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, CARL SIMS (hereinafter "SIMS") and R. LIDDLE (hereinafter "LIDDLE"), are individuals, who at all times herein mentioned in this complaint were, employees of Defendant SANTA CLARA COUNTY as sheriffs, and in doing the acts herein described, acted within the course and scope of their employment.

3. Defendants DOE I through DOE 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities

Complaint for Damages, Assault, Battery and Civil Rights Violation

1

are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned that each of the Defendants sued under fictitious names was the agent and employee of each of the remaining defendants, and in doing the things hereinafter described, acted within the course and scope of their employment.

5. All of the events giving rise to this action occurred in Santa Clara County, California.

6. On or about May 29, 2007, Plaintiff served her claim against Defendant SANTA CLARA COUNTY for personal injuries and use of excessive force by certified mail, a copy of which is attached hereto as Exhibit A.

7. On or about July 13, 2007, Defendant, SANTA CLARA COUNTY rejected Plaintiff's claim in its entity, a true and complete copy of which is attached hereto as Exhibit B.

## FIRST CAUSE OF ACTION

(Assault)

8. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 7 of this complaint.

9. On or about November 29, 2006, Plaintiff was visiting the home of a former roommate, Timothy Alves at 3575 Almaden Road in the City of San Jose, County of Santa Clara, State of California.

10. At that time and place, Plaintiff was notified by Alves that two men in plain clothes, later identified as Defendants SIMS and LIDDLE, were looking for her and, were presently waiting outside of Alves' gate. Plaintiff stepped outside, remaining behind the gate and asked SIMS and

LIDDLE to identify themselves and explain why they needed to speak with her. At that time, SIMS and LIDDLE ignored Plaintiff's inquiry, asked Plaintiff to identify herself, then attempted to reach over the gate and grab Plaintiff, putting Plaintiff in imminent fear of harmful contact.

11. In doing the acts as alleged above, Defendants SIMS and LIDDLE intended to cause or to place Plaintiff in apprehension of a harmful contact with Plaintiff's person.

12. As a result of Defendant's SIMS and LIDDLE's acts as alleged above, Plaintiff, in fact, was placed in great apprehension of a harmful contact with the Plaintiff's person.

## SECOND CAUSE OF ACTION

(Battery)

13. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 12 of this complaint.

14. Immediately thereafter, Plaintiff repeated her request for identification she was told she under arrest. Plaintiff did not attempt to flee or physically resist arrest in any manner whatsoever.

15. As Plaintiff was unaware of any circumstances that would justify her arrest and unable to ascertain the identity of SIMS and LIDDLE, she requested again that she be given identification and documentation. Again Defendants attempted to grab Plaintiff over the gate. Plaintiff informed SIMS and LIDDLE that she was going inside to call the police.

16. Despite Plaintiff's willingness to submit to arrest, Defendants SIMS and LIDDLE followed Plaintiff to the front door, knocked her to the ground and slammed her into the door which Defendants SIMS and LIDDLE had violently torn off the hinges, pinning Plaintiff under the door with both of their fully body weights. Plaintiff was then yanked up from under the door

Complaint for Damages, Assault, Battery and Civil Rights Violation

by SIMS and LIDDLE and forcibly placed in handcuffs. Plaintiff was then dragged into the street barefoot and without adequate clothing for the cold weather. Plaintiff was shoved into a four-door car by SIMS and LIDDLE who refused to answer any of her requests for identification or basic information regarding her arrest.

17. Approximately twenty minutes after Plaintiff was placed in the car, SIMS and LIDDLE made the determination that Plaintiff required medical attention and made a request for an ambulance. SIMS and LIDDLE then parked their vehicle in close proximity to Valley Medical Center (hereinafter "VMC") and proceeded to pull Plaintiff out of the vehicle to wait on the street while two EMTs and SIMS and LIDDLE discussed whether to give medical attention to Plaintiff. Plaintiff was treated for her injuries at VMC, and was released to Defendants SIMS and LIDDLE, who then took Plaintiff to jail.

18. In doing the acts alleged above, Defendants acted with the intent to make a contact with Plaintiff's person.

19. At no time did Plaintiff consent to any of the acts of Defendants alleged in the first and second causes of action, above.

20. As a proximate result of the acts of Defendants SIMS and LIDDLE alleged in the first and second causes of action, Plaintiff suffered a severe laceration to her hand and, other injuries.

### THIRD CAUSE OF ACTION
(42 U.S.C. Section 1983)

21. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 20 of this complaint.

22. This action arises under the United States Constitution, particularly under the provisions

Complaint for Damages, Assault, Battery and Civil Rights Violation

4

of the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States, and Under the Federal Law, particularly Title 42 of the United Code, Section 1983.

23. Defendant, SANTA CLARA COUNTY was at all times mentioned in this complaint, acting under the color of state law.

24. Each of the acts of the Defendants was allegedly done by Defendants, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California, County of Santa Clara, and under the color of their authority as law enforcement officers employed by the Santa Clara County Sheriff's Office of the State of California, County of Santa Clara.

25. As herein described, on or about November 29, 2006, Defendants, LIDDLE, SIMS and COUNTY OF SANTA CLARA, conspired with one another to deprive Plaintiff of her civil rights identified herein and to use all their authority to embarrass, humiliate, injure, assault and batter Plaintiff.

26. On or about November 19, 2006, Defendants SIMS and LIDDLE, acting under the color of their authority, with wanton and reckless disregard for Plaintiff's rights, and without justification whatsoever, maliciously and intentionally pinned Plaintiff under a door, committing battery on Plaintiff and inflicting severe, lasting injuries upon her. Plaintiff at all times herein mentioned was unarmed and in no way posed a threat to Defendants SIMS and LIDDLE or the safety of any other person. Neither SIMS and LIDDLE had any reasonable suspicion, justification or to investigate, seize and abuse Plaintiff in this manner. Lacking probable cause, any action by Plaintiff to resist, if any was made, was reasonable under the circumstances of the

Complaint for Damages, Assault, Battery and Civil Rights Violation

attack. Defendants, each of them all acted wantonly, recklessly, without justification, willfully, maliciously and intentionally in actively participating in the deprivation of Plaintiff's rights under the color of their authority and by using excessive force in restraining Plaintiff and causing her bodily injury without any lawful justification therefore.

27. As a proximate result of the use of excessive force, unlawful arrest and unlawful seizure by Defendants, and each of them all, Plaintiff has suffered damages in the sum according to proof for medical treatment and pain and suffering incident to the injuries she sustained.

28. The above-recited actions of Defendants committed under the color of their authority as law enforcement officers, were done with malice, fraud, and oppression, and in reckless, conscious disregard of the plaintiff's rights. Specifically, Defendants' refusal to identify themselves as law officers to Plaintiff, use of excessive force to unlawfully arrest Plaintiff, absent reasonable suspicion and breaking down the door on top of Plaintiff, justifies an award of punitive damages to Plaintiff to punish Defendants' conduct in the future.

29. Defendants, and each of their actions were without just and legal cause whatsoever, thereby violating and depriving Plaintiff of her rights under the laws and constitution of the United States and in particular, the Fifth, Eighth, and Fourteenth Amendments.

30. In so doing, and as a direct and proximate result of the above described unlawful and malicious acts of Defendants, and each of the them all, committed under color of their authority as law enforcement officers and acting in that capacity, Plaintiff suffered great bodily harm, injury, and extreme pain, all of which is in violation of her rights under the laws and the constitution of the United States and in particular, the Fifth, Eighth and Fourteenth Amendments

Complaint for Damages, Assault, Battery and Civil Rights Violation

and 28 U.S.C. 1983.

31. Plaintiff, DEATHRIDGE was a victim of a punishment administered in a grossly disproportionate manner to whatever Plaintiff's acts may have been, which constituted cruel and unusual punishment, and deprived Plaintiff of the right to due process of law under the laws and constitution of the United States, and in particular, the Fifth, Eighth and Fourteenth Amendment. The illegal arrest, unlawful detention and use of force to restrain Plaintiff while she was unarmed, was unwarranted, cruel, unjustifiable, excessive and without right whatsoever.

32. As a further result of the above described acts, Plaintiff was deprived of her right to be free from the use of excessive force and her right to be free of unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution, as a result of the customs, practices and, polices of Defendant, SANTA CLARA COUNTY.

33. After detaining, and battering Plaintiff as above described, Defendants placed Plaintiff under arrest without identifying any crime whatsoever, and required her to accompany them first to VMC to treat her injury and thereafter to jail in the City of San Jose, County of Santa Clara where, at the direction of the Defendants, Plaintiff was unlawfully imprisoned and, detained without probable cause or any lawful cause whatsoever.

34. At the direction of Defendant SANTA CLARA COUNTY, a complaint was filed charging Plaintiff of two separate misdemeanor claims; (1) a of a violation of Penal Code 148(a)(1), resisting, delaying, obstructing an officer and (2) a violation of Vehicle Code 14601.5(a), driving with a suspended license.

35. On or about June 6, 2007, Defendant, SANTA CLARA COUNTY'S claims against

Complaint for Damages, Assault, Battery and Civil Rights Violation

Plaintiff were dismissed.

36. As a direct and proximate result of Defendants, and each of their actions, described in this Complaint, Plaintiff has suffered damages for physical and emotional injury, humiliation and pain and suffering for which she incurred expenses including, but not limited to medical treatment costs and attorneys' fees paid to defend against the false claims prosecuted in Santa Clara County through their dismissal on June 6, 2007. Plaintiff seeks an award of damages in a sum to be determined according to proof at trial.

WHEREFORE, Plaintiff prays for Judgment against Defendants and each of them as follows:

1. For general damages according to proof;

2. For medical and related expenses according to proof;

3. For attorneys fees incurred to defend against the wrongfully filed criminal complaint, according to proof;

4. For lost earnings, according to proof;

5. For costs of suit incurred herein; and

6. For such other and further relief as the court may deem just and proper.

Law Offices of Marianne C. Rossi

By: *M C R*
MARIANNE C. ROSSI, ESQ.
Attorney for Plaintiff, MELISSA DEATHRIDGE

Complaint for Damages, Assault, Battery and Civil Rights Violation

# CLAIM AGAINST THE COUNTY OF SANTA CLARA

Board # 07-117
Original: Clerk of the Board ✓
CC: County Counsel ✓
ESA Insurance ✓
Date & Initial: 1/9/08 Ja

Please submit the completed form to the Clerk of the Board of Supervisors, 70 W. Hedding Street, East Wing, 10th Floor, San Jose, California 95110.

Please attach additional pages as needed.

**FOR CLERK'S USE ONLY**

1. Claimant's full name: Melissa Deathridge ☐ Minor
2. Claimant's telephone number: c/o Marianne C. Rossi (650) 364-7034
3. Claimant's mailing address: 702 Marshall St., #500
   Redwood City, CA 94063
4. Mailing address to which notices are to be sent, if different from 3: _____
5. Date of the incident or loss: 11/29/06
6. Location of the incident or loss: 3575 Almaden Road, San Jose, CA 95118
7. Describe how the incident or loss happened and the reason why you believe the County of Santa Clara is liable for your damages: See Attachment "A"

8. Describe the injury, damage, or loss: See Attachment "A"

9. If a public employee is involved in the injury, damage, or loss, provide name if known:
   Two undercover Sheriffs from County of Santa Clara, full names unbeknowst but will be provided.
10. Name of witnesses, if any: Timothy Alves
11. If the claim is for less than $10,000, state the total amount of the claim: _____

    List the items totaling the amount of the claim:
    | Item | Amount | Item | Amount |
    |---|---|---|---|
    | | $ | | $ |
    | | $ | | $ |

12. If the claim is for more than $10,000, is the amount over $25,000?
    Yes __X__  No _____

_Marianne C Rossi, Esq._                    5/24/07
Signature of Claimant or Representative      Date

Any person who, with the intent to defraud, presents any false or fraudulent claim may be punished either by

Attachment "A"

7. On November 29, 2006 at approximately 8:30p.m., I was visiting a former roommate, Timothy Alves at 3575 Almaden Road, San Jose, California 95118. He advised me on his return from the store that two men were looking for me and were waiting for me outside of his gate. I stepped outside but remained behind the gate and asked who the two men were and why they were looking for me. They only asked who I was again and did not identify themselves in any manner. The white male then tried to reach over the top of the gate and grab me. I repeated my request that they identify themselves and indicate what they wanted with me. The white male then told me that I was under arrest. I asked for what and demanded that they provide me documentation and ID because, I did not believe that they were officers given their appearance and knew of no circumstance that would justify my arrest. The white male again tried to grab me and I advised him I was going inside to call the police because they were strangers and provided no ID to proof to me that they were policemen or with law enforcement.

I turned my back to return to the house and heard a loud commotion behind me. I then panicked and ran to the front door. As I turned the handle of the door to open it I was knocked off my feet and slammed into the door. Both men tore the doors off the hinges and, the door ended up on top of me with both alleged sheriffs on top of me on top of the door. They then yanked me up from under the door, stood up and forcibly placed me in handcuffs. They then pulled me to the street bare foot, without proper clothing and with bad weather. They shuffled me into a small, four door car and refused to respond to my request to identify who they were or where they were taking me. My hand gushed blood and was severely injured from the force of the door falling on top of me.

Approximately 20 minutes later, they determined they would provide me medical attention and made a request for an ambulance. They parked the vehicle near the hospital, pulled me out of the car and made me sit on the street while the two ambulances and both alleged officers discussed whether or not I needed medical treatment and figured out which ambulance was going to treat me.

An x ray was taken at the hospital which revealed that there were no broken bones in my hand. No stitches were administered although, I received a large cut from the accident and the hospital bandaged me only. I was then taken to jail.

I maintain that the above described actions constitute assault, battery, and the use of excessive force by the two alleged Santa Clara County Sheriffs (from later identification) as well as intentional infliction of emotional distress and gross negligence in the administration of their duties, if any. Notwithstanding that later, during the incident, I was advised that they were serving a warrant for an alleged unpaid traffic infraction, which had in fact been resolved, that, the Sheriffs were not authorized to serve the alleged warrant at night or justified in using the excessive force used upon me in any event such that, the County of Santa Clara and the Sheriff's Department for Santa Clara County, as well as the two unknown Sheriff assailants are liable for the physical injuries, pain and suffering as well as the property damage to Mr. Alves' door that they caused.

Attachment "A" Continued

8. I repeat the statements set forth in part 7 above as though fully set forth herein as part of my response to number 8. Also, the physical injuries to my hand caused by the Sheriffs is permanent. I have a large scar, my hand is disfigured and not fully functional and I am informed and believe that I will require surgery and additional care in order to gain full functionality of my hand and cure the disfigurement.

The medical damages and costs associated with same have not been fully ascertained. When all medical bills for treatment and services have been ascertained, the same will be provided.

# County of Santa Clara

Employee Services Agency
Department of Risk Management

Insurance Division
2310 North First Street, Suite 203
San Jose, California 95131
(408) 441-4340  FAX 441-4341



July 13, 2007

Melissa Deathridge
c/o Marianne C. Rossi
702 Marshall Street #500
Redwood City, CA  94063



**Melissa Deathridge v. County of Santa Clara**
Date of Loss:            11/29/06
Claim No:                GL07-029545-3
Board of Supervisors' No:  07-117

## NOTICE OF REJECTION OF CLAIM

Notice is hereby given that the claim you presented on May 29, 2007, was rejected on July 13, 2007.

By this letter, the County of Santa Clara does not waive its right to assert that claimants have failed to comply with the claim presentation and statute of limitation requirements contained in the California Government Code and The California Code of Civil Procedure.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. The six-month time limit referred to in this notice applies only to claims or causes of action, which are governed by the California Tort claims Act. Additionally, the Tort Claims Act contains certain exceptions.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Page 2

Please also be advised that, pursuant to Sections 128.7 and 1038 of the California Code of Civil Procedure, the County will seek to recover all costs of defense in the event an action is filed in this matter and it is determined that the action was not brought in good faith and with reasonable cause.

Very truly yours,

Ted Althausen, Liability Claims Adjuster III
ESA Risk Management: Insurance Division

Enclosure

TA:jn
Melissa Deathridge-jul13

# County of Santa Clara

Employee Services Agency
Department of Risk Management

Insurance Division
2310 North First Street, Suite 203
San Jose, California 95131
(408) 441-4340  FAX 441-4341



(PROOF OF SERVICE BY MAIL -- 1013a, 2015.5, C.C.P.)

State of California      )
                         ) ss.
County of Santa Clara)

    I am now, and at all times herein mentioned have been, a citizen of the United States, over the age of eighteen years, a resident of or employed in the County of Santa Clara, California, and not a party to the within action or cause; that my business address is 2310 N. First Street, Suite 203, San Jose, California, that I served a copy of the attached

## NOTICE OF REJECTION OF CLAIM

By placing said copy in an envelope addressed to:

    Melissa Deathridge
    c/o Marianne C. Rossi
    702 Marshall Street #500
    Redwood City, CA  94063

which envelope was then sealed and, with postage fully prepaid thereon, was on July 13, 2007 deposited in the United States mail at San Jose, California; that there is delivery service by United States mail at the place so addressed, or that there is regular communication by mail between the place of mailing and the place so addressed.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: July 13, 2007

                                                                                                      *[signature]*

Board of Supervisors: Donald F. Gage, Blanca Alvarado, Pete McHugh, Ken Yeager, Liz Kniss
County Executive: Peter Kutras, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PROOF OF SERVICE BY MAIL

*Deathridge v. County of Santa Clara, et al.*

I, Catherine M. Grijalva, say:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of **DEFENDANT COUNTY OF SANTA CLARA'S NOTICE OF AND PETITION FOR REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(b) (Federal Question)** by placing said copy in an envelope addressed to:

Marianne C. Rossi, Esq.
Law Offices Of Marianne C. Rossi
702 Marshall St., #500
Redwood City, CA 94063

which envelope was then sealed, with postage fully prepaid thereon, on **January 28, 2008**, and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery Service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **January 28, 2008**, at San Jose, California.

*/s/ Catherine M. Grijalva*
Catherine M. Grijalva

110960.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

-1-

Proof of Service by Mail