```
ANN MILLER RAVEL, County Counsel (S.B. #62139)
MELISSA R. KINIYALOCTS, Deputy County Counsel (S.B. #215814)
KEVIN M. HAMMON, Deputy County Counsel (S.B. #2322360)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California  95110-1770
Telephone:  (408) 299-5900
Facsimile:  (408) 292-7240

Attorneys for Defendants,
COUNTY OF SANTA CLARA,
CARL SIMS, and ROBERT LIDDLE
(sued herein as "R. LIDDLE")
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose)

| | |
|---|---|
| MELISSA DEATHRIDGE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, CARL SIMS, R. LIDDLE AND DOES 1 through 10,<br><br>    Defendants. | No.   C08-00660 HRL<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR ASSAULT, BATTERY AND CIVIL RIGHTS VIOLATION**<br><br>**[DEMAND FOR JURY TRIAL]** |

Defendants County of Santa Clara, Carl Sims, and Robert Liddle answer Plaintiff Melissa Deathridge's Complaint for Damages for Assault, Battery, and Civil Rights Violation ("Complaint") on file herein and admit, deny, and allege as follows:

**COMMON ALLEGATIONS**

1.  Answering the allegations of Paragraph 1 of the Complaint, Defendants admit that Santa Clara County is and at all times mentioned in the complaint, a county in the State of California with the capacity to sue and be sued.

2.  Answering the allegations of Paragraph 2 of the Complaint, Defendants admit that Carl Sims and Robert Liddle are individuals, who at all times mentioned in this complaint were

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendants' Answer to Plaintiff's
Complaint [Demand for Jury Trial]    1    C08-00660 HRL

1  employees of Defendant Santa Clara County as sheriffs, and in doing the acts described herein,
2  acted within the course and scope of their employment.
3      3.   Answering the allegations of Paragraph 3 of the Complaint, Defendants are without
4  sufficient information to form a belief as to the truth of the allegations contained in this
5  paragraph, and on that basis deny each and every allegation contained therein.
6      4.   Answering the allegations of Paragraph 4 of the Complaint, Defendants are without
7  sufficient information to form a belief as to the truth of the allegations contained in this
8  paragraph, and on that basis deny each and every allegation contained therein.
9      5.   Answering the allegations of Paragraph 5 of the Complaint, Defendants admit that
10 all of the events giving rise to this action occurred in Santa Clara County, California.
11     6.   Answering the allegations of Paragraph 6 of the Complaint, Defendants admit that
12 Plaintiff served her claim against Defendant Santa Clara County for personal injuries and use of
13 excessive force on or about May 29, 2007.
14     7.   Answering the allegations of Paragraph 7 of the Complaint, Defendants admit that
15 Santa Clara County rejected Plaintiff's claim in its entirety on or about July 13, 2007.

## FIRST CAUSE OF ACTION

### (ASSAULT)

18     8.   Answering the allegations of Paragraph 8 of the Complaint, Defendants admit that
19 Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 7 of the
20 Complaint.
21     9.   Answering the allegations of Paragraph 9 of the Complaint, Defendants admit that
22 Plaintiff was present at 3575 Almaden Road in the City of San Jose.  As to the other allegations
23 in Paragraph 9, Defendants are without sufficient information to form a belief as to their truth,
24 and on that basis deny each and every allegation contained therein.
25     10.  Answering the allegations of Paragraph 10 of the Complaint, Defendants admit that
26 Defendants Sims and Liddle were present at that time and place, looking for Plaintiff.  As to the
27 other allegations in Paragraph 10, Defendants deny each and every allegation contained therein.
28 //

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendants' Answer to Plaintiff's
Complaint [Demand for Jury Trial]   2                                           C08-00660 HRL

11. Answering the allegations of Paragraph 11 of the Complaint, Defendants deny each and every allegation contained therein.

12. Answering the allegations of Paragraph 12 of the Complaint, Defendants deny each and every allegation contained therein.

## SECOND CAUSE OF ACTION

### (BATTERY)

13. Answering the allegations of Paragraph 13 of the Complaint, Defendants admit that Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 12 of the Complaint.

14-16. Answering the allegations of Paragraphs 14 through 16 of the Complaint, Defendants deny each and every allegation contained therein.

17. Answering the allegations of Paragraph 17 of the Complaint, Defendants admit that Defendants Sims and Liddle made the determination that Plaintiff required medical attention and made a request for an ambulance. Defendants further admit that Plaintiff was treated for her injuries at VMC. As to the other allegations in Paragraph 17, Defendants deny each and every allegation contained therein.

18-20. Answering the allegations of Paragraphs 18 through 20, Defendants deny each and every allegation contained therein.

## THIRD CAUSE OF ACTION

### (42 U.S.C. Section 1983)

21. Answering the allegations of Paragraph 21 of the Complaint, Defendants admit that Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 20 of the Complaint.

22. Answering the allegations of Paragraph 22 of the Complaint, Defendants admit that this action arises under the United States Constitution, particularly under the provisions of the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States, and under 42 U.S.C. section 1983.

//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendants' Answer to Plaintiff's
Complaint [Demand for Jury Trial]     3     C08-00660 HRL

1  23. Answering the allegations of Paragraph 23 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained therein.

24. Answering the allegations of Paragraph 24 of the Complaint, Defendants admit that they acted under the color of the statutes, ordinances, regulations, customs and usages of the State of California, County of Santa Clara. Defendants further admit that Defendants Sims and Liddle acted under the color of their authority as law enforcement officers employed by the Santa Clara County Sheriff's Officer for the State of California, County of Santa Clara.

25-33. Answering the allegations of Paragraphs 25 through 33, Defendants deny each and every allegation contained therein.

34. Answering the allegations of Paragraph 34, Defendants admit that a complaint was filed charging Plaintiff with violating California Penal Code section 148(a)(1) and California Vehicle Code section 14601.5(a). As to the other allegations in Paragraph 34, Defendants deny each and every allegation contained therein.

35. Answering the allegations of Paragraph 35, Defendants admit that, on or about June 6, 2007, the criminal charges against Plaintiff were dismissed.

36. Answering the allegations of Paragraph 36, Defendants deny each and every allegation contained therein. WHEREFORE, Defendants pray for judgment in their favor as hereinafter set forth.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Claim)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, these answering Defendants allege that neither the Complaint nor any of its purported claims for relief state facts sufficient to constitute a claim upon which relief can be granted.

//

//

## SECOND AFFIRMATIVE DEFENSE

(No Violation Of Rights)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, these answering Defendants deny that they have deprived Plaintiff of any rights, privileges, or immunities guaranteed by the laws or Constitution of the United States or by the laws or Constitution of the State of California.

## THIRD AFFIRMATIVE DEFENSE

(Authorized/Justified Use of Force)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, these answering Defendants allege that if, in fact, any force was used to detain Plaintiff, such force was authorized and privileged pursuant to the California Penal Code and the United States Constitution, and as a proximate result thereof, Plaintiff is barred from any recovery herein for any alleged injury or damage, if any there were.

## FOURTH AFFIRMATIVE DEFENSE

(Probable Cause to Detain/Restrain)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, these answering Defendants allege that at all times mentioned in the Complaint, Defendants had reasonable and probable cause to detain and restrain Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

(Privileged/Justified Conduct)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, these answering Defendants allege that their conduct at all times material herein was privileged and/or justified under applicable law.

## SIXTH AFFIRMATIVE DEFENSE

(Police Immunity: Common Law)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, these answering Defendants allege that they are employees of the County of Santa Clara Office of the Sheriff and are immune from liability herein under the

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendants' Answer to Plaintiff's
Complaint [Demand for Jury Trial]     5     C08-00660 HRL

common law doctrine of immunity of peace officers executing statutes in good faith, which statutes are presumed valid at the time of such execution.

### SEVENTH AFFIRMATIVE DEFENSE

(Absolute or Qualified Immunity)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, these answering Defendants allege that any acts and/or omissions on their part or their agents and/or employees were subjectively and/or objectively reasonable so as to entitle Defendants to absolute or qualified immunity based upon applicable Federal and State law for any acts and/or omissions within the course and scope of employment.

### EIGHTH AFFIRMATIVE DEFENSE

(No Established Constitutional Rights)

As and for a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, these answering Defendant alleges that at the time of the events alleged by Plaintiff there were no clearly established constitutional rights of which these answering Defendants knew, or should have known, which required them to act differently. These answering Defendants accordingly allege that they are immune from liability.

### NINTH AFFIRMATIVE DEFENSE

(Neglect and Fault)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, these answering Defendants allege that the Complaint and each purported claim for relief is barred, or any recovery should be reduced, because of Plaintiff's own neglect and fault in connection with the matters alleged.

### TENTH AFFIRMATIVE DEFENSE

(Failure To Mitigate)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, these answering Defendants allege that Plaintiff has failed to mitigate any or all of the damages alleged in the Complaint, and is thereby precluded from

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendants' Answer to Plaintiff's
Complaint [Demand for Jury Trial]      6                                    C08-00660 HRL

recovering those damages which could have reasonably been avoided by the exercise of due care on Plaintiff's part.

### ELEVENTH AFFIRMATIVE DEFENSE

(Waiver)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, these answering Defendants allege that each and every cause of action in the Complaint is barred in that Plaintiff has waived any rights he may have had to the amounts claimed, or any amount at all.

### TWELFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, these answering Defendants allege that Plaintiff is barred from obtaining injunctive relief or other equitable relief by reason of the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Attorney's Fees)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, these answering Defendants allege that no basis exists upon which Plaintiff may be entitled to an award of attorney's fees.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by way of her complaint;
2. That Plaintiff's complaint be dismissed with prejudice;
3. That Defendants be awarded their costs of suit incurred herein and attorney's fees; and
4. For such other and further relief as the Court may deem proper.

//
//
//

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in this matter.

Dated: February 4, 2008

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: _____/S/_____
KEVIN M. HAMMON
Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA,
CARL SIMS, and ROBERT LIDDLE
(sued herein as "R. LIDDLE")

111003.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendants' Answer to Plaintiff's
Complaint [Demand for Jury Trial]   8   C08-00660 HRL